UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES A. BARRETT | CIVIL ACTION NO. 3:14-cv-0044 |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| OUACHITA PARISH SHERIFF'S OFFICE, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff James A. Barrett, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 9, 2014. When he filed this complaint plaintiff was a prisoner at the Ouachita Parish Corrections Center (OPCC). In a letter dated January 13, 2014, plaintiff advised that he was released from custody and is now residing at his residence in West Monroe. [Doc. 14] Plaintiff claims that he is the victim of an unlawful search and seizure which led to his false arrest, confinement, and ultimately his conviction on various drug related charges. He sued the Ouachita Parish Sheriff's Office (OPSO) and the deputies involved in the arrest. He prayed for his immediate release, the release of his as yet unidentified co-defendant and compensatory damages for each day that he was wrongly imprisoned. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## *Background*

Plaintiff's original complaint was difficult to decipher. He claimed that on some

unspecified date he received an anonymous telephone call "... with threats to blackmail if demands were not met." Thereafter an anonymous tipster contacted OPSO "revealing material that caller had 'planted' at [plaintiff's] residence. This "material" along with a recording of the call was presented to an OPSO deputy. Working off of an anonymous tip, OPSO deputies again arrived a plaintiff's residence. According to plaintiff, he refused consent to enter and search. Nevertheless, OPSO deputies overpowered plaintiff, handcuffed him, and searched his residence. According to plaintiff, the deputies conducted the arrest and search at 5:30 p.m. but did not receive the warrant until over three hours later. According to plaintiff, the judge's signature on the warrant was forged. [Doc. 1]

    Plaintiff was directed to amend his complaint to provide more specific information. On April 24, 2014, he submitted an amended complaint and exhibits. He claimed that Dy. Chris Wyles and Dy. John Dupree of the Ouachita Parish Sheriff's Office overpowered plaintiff in his home at 119 Central St., West Monroe, Louisiana and proceeded to search his residence even though plaintiff refused to consent. The search, which started at 5:00 p.m., ended at 5:15 p.m. The search warrant was issued after the search had been conducted and the signature of Judge Stephens Winters was forged. Judge Winters' signature was also forged on the offense report.

    Plaintiff then alleged "on April 13, 2013, Dy. Chris Wyles and Dy. John Dupree and Det. Seth Cox entered my home and unlawfully arrested me and unlawfully searched my home. As a result of this I along with Tina Harris was arrested and charged with Creation/Operation of a Clan [destine] Lab. I was sentenced to 10 years hard labor – suspended with 5 years probation. Tina Harris was sentenced to 1 year hard labor."

    According to plaintiff, he has attempted to remedy this matter by writing letters to his

attorney, Derrick Williams, the Attorney General of Louisiana and the District Attorney of Ouachita Parish; however, his letters were ignored. [Doc. 12]

Plaintiff attached the following exhibits to his amended complaint:

(1) Ouachita Parish Sheriff's Office Offense Report dated October 16, 2013, indicating plaintiff's arrest on April 13, 201,3 on charges of operating a clandestine drug lab, conspiracy to manufacture methamphetamine, and, distribution, manufacture, and possession of methamphetamine. The report also indicated the seizure of methamphetamine, drug paraphernalia, and surveillance cameras. [Doc. 12, pp. 3-4]

(2) Affidavit of Probable Cause for Arrest without a Warrant dated April 13, 2013. The affidavit indicates that plaintiff consented to the entry into his residence by the Sheriff's Deputies and thereafter the Deputies discovered the contraband items that were ultimately seized and comprised the evidence of criminal activity. The document also indicated that Judge Winters found probable cause to justify the continued detention of the plaintiff on April 14, 2013. [*Id.*, p. 5]

(3) Initial Arrest Report and Booking Information. [*Id.*, p. 6]

(4) OPCC Booking Report dated April 13, 2013. [*Id.*, p. 7]

(5) Search Warrant dated April 13, 2013, at 6:52 p.m. [*Id.*, p. 8]

(6) Return on Search Warrant showing that the search of plaintiff's residence began at 6:57 p.m. and concluded at 7:21 p.m. and, showing the seizure of various items during the period from 7:01 p.m. to 7:15 p.m. [*Id.* , p. 9]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Heck v. Humphrey*

Plaintiff contends that "on April 13, 2013, Dy. Chris Wyles and Dy. John Dupree and Det. Seth Cox entered my home and unlawfully arrested me and unlawfully searched my home. As a result of this I along with Tina Harris was arrested and charged with Creation/Operation of a Clan [destine] Lab." He also alleged that he "was sentenced to 10 years hard labor – suspended with 5 years probation. Tina Harris was sentenced to 1 year hard labor." [Doc. 12]

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

If the court were to grant plaintiff the damages he seeks under the facts of this case, such ruling would necessarily implicate the validity of his conviction and sentence. Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d 102-103. (A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or

otherwise called into question." )

### 3. Habeas Corpus

In addition to compensatory damages, plaintiff prayed for the dismissal of the criminal charges and his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action pursuant to either 28 U.S.C. §2254 or 28 U.S.C. §2241. To the extent that plaintiff seeks *habeas corpus* relief he fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 9, 2014.

                                                      _____
                                                      **KAREN L. HAYES**
                                                      **UNITED STATES MAGISTRATE JUDGE**